Curia, per Harper, Chancellor.
— We think we must lay out of view the proceedings on the petition to authorize the sale of the house and lot, to which the infant complainant was not a party.* But independently of that, the defendant by his answer admits a contract, made with her *233 behalf and submits to perform it, provided he can receive a good title ; and though it was stated in argument that he would prefer not to perform, yet he is bound by that submission.
The questions are, whether the complainants could make a good title by their own act, if the infant complainant were of age, and whether the court will, in this case, aid the disability of infancy. As to the first, I think that a good title could be made, if the infant were of age. There is no doubt but that, by the deed of John Pearse, Sarah P. Pearse took a fee simple conditional. This estate has been repeatedly recognized in our decisions. The limitation over to Samuel Pearse, as was agreed in argument, and has been several times decided, was void for remoteness. But there was in the donor, after the death of S. P. Pearse, a right or possibility of reverter, which he transmitted to his heirs. The complainant, Pearse, is his heir. It was argued that the donor left also a widow, who took, in the quality of heir, along with him, and being dead, that her heirs stand in her place. But there is no doubt about the rule, that where an estate of freehold is given, with a remainder or reversion to the right heirs of the donor, he will take, as heir, who answers that description at the termination of the particular estate. Samuel Pearse now answers the description of heir of his father, and would have the right to the estate, if the fee simple conditional were now to determine. And having that right, though he could neither convey nor devise it, I think he may release it to the tenant of fee conditional, so as to make her estate an absolute fee simple. The subject is considered in the case of Adams vs. Chaplin, 1 Hill Ch. 272, and I think the authorities there referred to sustain the position. I refer to that case for the general reasoning. In the quotation from Preston, on estates, 440,441, he seems to regard it as familiar law. “On these instances, and indeed, on all limitations which can be ranked under this class, it is observable that the reversion, or remainder expectant, on these estates, or the posibility of reverter, must remain in some person, and that a release from that person will give to this estate the quality of a simple and absolute fee.” So it is said by Lord Hardwicke, in Wright vs. Wright„ 411, *234 that every posibility may he released. It is not doubted,, but that the infant defendant, if of age, might convey her estate so as to bar her issue, if she should afterwards have any, Co. Lit. 190. Then, if the infant, on attaining age, should convey her estate, and her father release his posibility of reverter, the estate of the grantee would be absolute and perfect. Then the question is made, whether the court will aid this disability of infancy. It is argued that the heirs of the body of Sarah P. Pearse, have a certain qualified or contingent interest in the estate; and though the-infant might, by her own act, bar them, on coming of age, the court will not aid her to do so ; as in the case of contingent remainders, decided in Middleton vs. Redfern, or of the issue in tail under the statute de donis, in England, with respect to whom authorities were quoted. The court will give them the chance of the tenant’s failing to bar their interest, contingent though they be. But I am satisfied that, in contemplation of law, the issue in fee simple' conditional' are not regarded as having any interest whatever. In the case of Izard vs. Izard, 1 Bail. Eq. 228, it-was held that the lands of the tenant in fee simple conditional were bound by the lien of judgments, and subject to the claims of creditors in bar of all right of the issue. And this was on the ground that the heirs of the body, in a grant of fee conditional; are named, not for any benefit intended to them, but to qualify the estate of their ancestor and fix the course of descent, if he makes no disposition. As against him, they have no rights, and it is only by the effect of the statute de donis, that they are enabled,, in England, in any case, to avoid his alienation. I refer to-that case for the authorities quoted, which seem to be ample and express. I think then, there is nothing to forbid the court to aid the infant in conveying, provided it her clearly satisfied that it is for her advantage.
On this point, it may be proper- to offer some remarks- and directions. The report of the commissioner, on the1 petition for sale, we do not consider, and the matter must be again referred to him. It is always with great reluctance that the court directs the sale of an infant’s land or other permanent estate and its conversion into a money fund, which is-so insecure a provision. It should never *235 be done, unless there is, otherwise, the prospect of some ■serious loss ,or there will he plain and manifest advantage, unattended by any risk of the loss of the fund ; and the •officer of the court should always report the evidence on which he founds his opinion.' The court will not make such a conversion without the most ample and indubitable security for the safety and forthcoming of the fund, upon the infant's arriving at age; and we are not satisfied that the bond of the complainant, Pearse, with the person.al security proposed, will be a sufficient security. This matter also will be referred to thé commissioner, and upon the coming in of his report the proper orders will be made. It is therefore ordered that it be referred to the commissioner to report, whether it will be for the advantage of the infant complainant, Sarah P. Pearse, to make the sale in question, and that he report in what manner the fund, to arise from the sale, should be secured to the said infant upon her coming of age. Costs to be paid by the complainant, Samuel Pearse. Wm. Harper.

There seems no reason to doubt that the use was executed in the cestui que trust, and that the petitioner did not even sustain the character of trustee.